UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. BESS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BARROSO, et al.,<br><br>        Defendants. | Case No. 23-cv-06095-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without an attorney, filed this civil action against three officials at the Correctional Training Facility ("CTF") in Soledad, California — Lieutenant J. Barroso, Lieutenant J. Martinez, and R. Oviedo. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, certain claims are dismissed, while others are capable of being judicially heard and decided. Plaintiff is granted leave to file an amended complaint to cure the deficiencies of certain claims.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges Defendants retaliated against him for his currently pending lawsuit, *Bess v. Peffley*, No. C 22-0341 JSC (PR). He alleges Barroso retaliated by placing a false memorandum in his records identifying him as a member of the Security Threat Group, the "Surenos" (ECF No. 1 at 9 ¶ 13); Martinez retaliated by pouring a dark liquid over his legal papers from his pending suit (*id.* at 10 ¶ 17);[1] and Oviedo retaliated by "signing off" on the false memorandum and not reporting the wrongdoing of the other Defendants (*id.* at 10 ¶¶ 13-14).

Plaintiff makes the following claims: (1) retaliation; (2) violation of his Eighth Amendment rights; (3) conspiracy under 42 U.S.C. § 1985; (4) violation of the Bane Act; and (5) intentional infliction of emotional distress. (*Id.* at 12-15.) Plaintiff seeks damages and injunctive and declaratory relief, as well as appointment of counsel. (*Id.* at 16-17.)

1. <u>Retaliation Claim</u>

"Within the prison context, a viable claim of First Amendment retaliation entails five basic

---

[1] When liberally construed, the complaint also alleges Martinez retaliated against Plaintiff for his administrative grievance against Oviedo and Barroso, as well as for Plaintiff's his prior lawsuit. (*See* ECF No. 1 at 13 ¶ 27).

2

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) This constitutional prohibition clearly includes retaliation for filing a complaint, *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989), or for using prison grievance procedures, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). When liberally construed, Plaintiff's allegations state a claim against Defendants that is capable of judicial determination for retaliating against Plaintiff for exercising his First Amendment rights.

      2. Eighth Amendment Claim

Plaintiff claims Defendants' actions "knowingly and intentionally disregarded substantial risks to [his]physical and mental wellness," in violation of the Eighth Amendment. (*Id.* At 13:14.) Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish Eighth Amendment violation by showing officials have been deliberately indifferent to his serious medical needs). This determination involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In support of this claim, Plaintiff alleges Defendants "intended on causing [him] emotional distress," but there are no allegations that he suffers from mental illness or has any other serious medical need. (ECF No. 1 at 13:19.) Consequently, Plaintiff's allegation that Defendants caused him emotional distress is not sufficient to state a claim that is capable of judicial determination under the Eighth Amendment. Plaintiff will be given leave to amend to allege facts, not simply "conclusions," to make a "plausible" showing that Defendants have been deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment. *See Twombly*, 550 U.S. at 555.

### 3. 42 U.S.C. § 1985 Claim

Plaintiff claims Defendants engaged in a conspiracy under 42 U.S.C. § 1985. Section 1985 prohibits three types of conspiracies to interfere with the civil rights of another: (1) a conspiracy to prevent an officer from performing his or her duties, (2) a conspiracy to obstruct justice by intimidating a party, witness, or jury, and (3) a conspiracy to deprive a person of his or her rights or privileges. 42 U.S.C. § 1985; *see Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Plaintiff makes no allegations related to preventing an officer from performing his or her duties or obstructing justice under subsections one and two.. Under subsection three, there "must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Rucker v. State of Cal.,* 112 F.3d 517 (9th Cir. 1997) ("To state a claim for conspiracy under section 1985(3), a plaintiff must allege racial or otherwise class-based invidious discrimination.").

Plaintiff has not alleged racial or other class-based discriminatory animus motivated Defendants' alleged conspiracy. Accordingly, Plaintiff has not stated a claim capable of judicial determination under 42 U.S.C. § 1985. Plaintiff is granted leave to amend to allege facts that plausibly show a violation of Section 1985, provided he can do so in good faith.

### 4. Bane Act Claim

Plaintiff also claims Defendants violated California's Bane Act, Cal. Civ. Code § 52.1, which authorizes suit against anyone who "interferes by threats, intimidation, or coercion . . . with the exercise or enjoyment" of rights secured by the state or federal Constitutions. (ECF No. 1 at 14 ¶¶ 35, 36.) The elements of a claim under the Bane Act are: (1) the official "intentionally interfered or attempted to interfere with the plaintiff's civil rights by threats, intimidation, or coercion. This includes making threats of violence, acting violently, or both, against the plaintiff or their property; (2) the plaintiff was harmed; and (3) the defendant's conduct was a substantial factor in causing the plaintiff's harm." Judicial Council of California Civil Jury Instructions (2023) No. 3066. Plaintiff's allegations that Defendants wrote and approved a false memorandum and destroyed his legal papers in retaliation for his lawsuit and administrative grievance, when

4

1    liberally construed, plausibly allege they used intimidation, coercion, and violence against his
2    property, to interfere with his exercise of his First Amendment rights, and that adding false
3    information in his file that he is affiliated with a Security Threat Group and destroying his legal
4    papers caused him harm.  Accordingly, Plaintiff's allegations are sufficient to state a claim under
5    the Bane Act.

        5. Intentional Infliction of Emotional Distress Claim

Finally, Plaintiff claims Defendants "intentionally inflicted emotional distress" upon him by violating his First and Eighth Amendment rights, as described above.  (ECF No. 1 at 15 ¶ 38.) Under California law, intentional infliction of emotional distress requires "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51 (quotations omitted).  When liberally construed, Plaintiff's allegations are sufficient to state a claim for intentional infliction of emotional distress, except to the extent he seeks monetary damages based upon this claim (as discussed below).

        6. Claims for Damages for Emotional and Mental Injuries

Plaintiff seeks monetary damages, as well as injunctive and declaratory relief.  While plaintiffs generally may recover damages for pain and suffering and mental and emotional distress that results from constitutional violations, *see Carey v. Piphus*, 435 U.S. 257, 264 (1978); *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury.  42 U.S.C. § 1997e(e). Plaintiff alleges he suffered mental and emotional distress as a result of Defendants' actions, but he does not allege physical injury.  Consequently, his demands for monetary damages for mental and emotional injuries must be dismissed.[2]  Plaintiff will be granted leave to amend his complaint

---

[2] This conclusion does not affect his request for other forms of relief.  (*See* ECF No. 1 at 16-18.)

to allege, if he can do so in good faith, a physical injury caused by Defendants' actions.

      7. <u>Request for Appointment of Counsel</u>

Plaintiff requests appointment of counsel. (ECF No. 1 at 18 ¶ 9.) There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff is capable of adequately presenting his allegations and claims, and there are no exceptional circumstances warranting appointment of counsel in this case at this point.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's claim under 42 U.S.C. § 1985, his Eighth Amendment claim, and all of his claims to the extent he seeks damages for emotional or mental injuries are DISMISSED with leave to amend. Plaintiff's other claims are, when liberally construed, capable of judicial determination. Plaintiff's request for appointment of counsel is DENIED.

2. Plaintiff may file an amended complaint on or before May 2, 2024. The amended complaint must include the caption and civil case number used in this order (No. C 23-6095 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims from his original complaint that the Court has ruled are capable of judicial determination, above. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claims that the Court has ruled are capable of judicial determination.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 3, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge