1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL E. BESS,

          Plaintiff,

    v.

J. BARROSO, et al.,

          Defendants.

Case No. 23-cv-06095-JSC

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE**

Plaintiff, a California prisoner proceeding without an attorney, filed this civil action against three officials at the Correctional Training Facility ("CTF") in Soledad, California — Lieutenant J. Barroso, Lieutenant J. Martinez, and R. Oviedo. Following an initial review of the complaint under 28 U.S.C. § 1915A, the Court dismissed with leave to amend Plaintiff's claim under 42 U.S.C. § 1985, his Eighth Amendment claim, and all of his claims to the extent he seeks damages for emotional or mental injuries. (ECF No. 7.) The Court found Plaintiff's First Amendment retaliation claim, Bane Act claim, and claim for intentional infliction of emotional distress, when liberally construed, capable of judicial determination to the extent he seeks forms of relief other than damages for emotional or mental injuries. (*Id.*) Plaintiff has notified the Court that he does not wish to file an amended complaint, accepts dismissal of the dismissed claims, and wants to pursue the claims the Court concluded are capable of judicial determination. (ECF No. 8.)

Accordingly, it is ordered:

1. Plaintiff's claim under 42 U.S.C. § 1985, his Eighth Amendment claim, and all of his claims to the extent he seeks damages for emotional or mental injuries are DISMISSED with prejudice.

2. Defendants Lieutenant J. Barroso, Lieutenant J. Martinez, and R. Oviedo shall be

1    served at the California Training Facility in Soledad, California.

2          Service shall proceed under the California Department of Corrections and Rehabilitation's

3    (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance

4    with the program, the Clerk is directed to serve on CDCR via email the following documents: **the**

5    **Complaint (ECF No. 1), the Order of Dismissal with Leave to Amend (ECF No. 7), this**

6    **Order, a CDCR Report of E-Service Waiver form, and a summons**.  The Clerk also shall serve

7    a copy of this Order on the Plaintiff.

8          No later than 40 days after service of this order via email on CDCR, CDCR shall provide

9    the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s)

10   listed in this order will be waiving service of process without the need for service by the United

11   States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be

12   reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the

13   California Attorney General's Office which, within 21 days, shall file with the Court a waiver of

14   service of process for the Defendant(s) who are waiving service.

15         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

16   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

17   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

18   of this Order, the summons, and the operative complaint for service upon each Defendant who has

19   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

20   Service Waiver.

21         3.  Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

22         4.  To expedite the resolution of this case:

23              a.  No later than **September 1, 2024**, Defendants shall file a motion for summary

24   judgment or other dispositive motion.  The motion shall be supported by adequate factual

25   documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall

26   include as exhibits all records and incident reports stemming from the events at issue.  If

27   Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall

28   so inform the Court prior to the date the summary judgment motion is due.  All papers filed with

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the Court shall be promptly served on Plaintiff.

2            b.  At the time the dispositive motion is served, Defendants shall also serve, on a

3    separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

4    Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

5            c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

6    Court and served upon Defendants no later than **September 29, 2024**.  Plaintiff must read the

7    attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v.*

8    *Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

9            d.  Defendants shall file a reply brief no later than **October 13, 2024**.

10           e.  The motion shall be deemed submitted as of the date the reply brief is due.  No

11   hearing will be held on the motion unless the Court so orders at a later date.

12       5.  All communications by the Plaintiff with the Court must be served on Defendants, or

13   Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

14   Defendants or their counsel.

15       6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

16   further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

17   before the parties may conduct discovery.

18       Plaintiff is reminded that state inmates may review all non-confidential material in their

19   medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15

20   California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§

21   13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these

22   files or for copies of materials in them must be made directly to prison officials, not to the court.

23       **IT IS SO ORDERED.**

24   Dated: May 28, 2024

25

26   _____

27   JACQUELINE SCOTT CORLEY
     United States District Judge

28

3

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.