UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL E. BESS,

   Plaintiff,

 v.

J. BARROSO, et al.,

   Defendants.

Case No. 23-cv-06095-JSC

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**
Re: Dkt. Nos. 14

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this 42 U.S.C. § 1983 action against three officials at the Correctional Training Facility ("CTF") in Soledad, California – Lieutenant J. Barroso, Lieutenant J. Martinez, and R. Oviedo ("Defendants"). Following review of the complaint under 28 U.S.C. § 1915A, five claims were dismissed and two remain: violations of the First Amendment (retaliation) and the Bane Act. (ECF No. 7.) Defendants moved to dismiss the First Amendment retaliation claim against Defendant Oviedo and the Bane Act claim against all three Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (ECF No. 14.) Plaintiff filed an opposition, and Defendants filed a reply. (ECF Nos. 15, 16).

For the reasons discussed below, Defendants' motion to dismiss is DENIED.

## BACKGROUND

In 2022, Plaintiff filed a lawsuit against a CTF employee, Sergeant J. Peffley, who is not a defendant in the instant case. *See Bess v. Peffley*, No. 22-cv-00341-JSC (PR). In this action, Plaintiff alleges Defendants acted in retaliation for the lawsuit against Sergeant Peffley and for his administrative grievances. In particular, he alleges Defendant Barroso prepared a Threat

1  Assessment on August 2, 2023, to falsely identify Plaintiff as a member of the "Sureno" gang.
2  (ECF No. 1 at 9.)  Plaintiff alleges Defendant Barroso created this false Threat Assessment on the
3  same day the Court denied in part Sergeant Peffley's motion for summary judgment in his prior
4  lawsuit.  (*Id.; see Bess v. Peffley*, No. 22-cv-00341-JSC (PR) (ECF No. 30.))  He further alleges
5  Defendant Martinez conducted a destructive cell search on August 19, 2023, during which he
6  "poured coffee or dark liquid (possibly urine) on [his] legal papers" including his "Staff
7  Complaint and pending lawsuit (*Bess v Peffley).*"  (ECF No. 1 at 10.)  Lastly, Plaintiff alleges on
8  September 7, 2023, Defendant Oviedo "handed [Plaintiff] a copy of the false Threat Assessment, a
9  false STG Affiliation Sheet, and a Confidential Information Listing" and "indicated he's signing
10 off on the falsified information." (ECF No. 1 at 10) (internal citations omitted.)  At this meeting,
11 Plaintiff alleges he informed Defendant Oviedo "he's required to report misconduct - a ministerial
12 duty" and that instead of doing so, Defendant Oviedo responded, "You still might settle your case.
13 I just don't want anything to do with it."  (*Id.* at 10:10-12.)

## DISCUSSION

15 Defendants argue for dismissal under Rule 12(b)(6) of the First Amendment retaliation
16 claim against Defendant Oviedo and the Bane Act claim against all three Defendants.[1]

**I.   Standard of Review**

18 On a 12(b)(6) motion to dismiss for failure to state a claim, "the issue is not whether
19 plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."
20 *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Federal Rule of Civil Procedure
21 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to
22 relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of
23 what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93
24 (2007) (citations and internal quotations omitted).  While a complaint "does not need detailed
25 factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief
26 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[1] Defendants do not argue for dismissal of the claims of retaliation against Defendant Barroso and Defendant Martinez.

2

1  action will not do. . . . Factual allegations must be enough to raise a right to relief above the

2  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).

3  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a

4  claim for relief that is plausible on its face." *Id.* at 570.

5  Allegations of fact in the complaint must be taken as true and construed in the light most

6  favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

7  Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory,

8  unwarranted deductions of fact, or unreasonable inferences." *Id.*

9  A pleading filed by a party unrepresented by counsel must be liberally construed, and

10 "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

11 by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations

12 omitted).

**II.  Analysis**

A.  Retaliation Claim Against Defendant Oviedo

There are five requisite elements for a First amendment retaliation claim in the prison

context:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Without citing to any authority, Defendants argue Plaintiff failed to properly plead the first element against Defendant Oviedo because merely "signing off" on the Threat Assessment is not an adverse action. (ECF No. 14 at 4.) The Court disagrees.

An adverse action for the purposes of a First Amendment retaliation claim in the prison context need not entail an "explicit, specific threat of discipline." *Brodheim v Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). Instead, an adverse action need only "intimate that some form of punishment or adverse regulatory action would follow." (*Id.*)

3

1     Plaintiff's allegations that Defendant Oviedo "signed off" on the falsified information and chose not to report Defendant Barroso for misconduct support a reasonable inference he took adverse action. Plaintiff alleges a Threat Assessment and a STG Affiliation identifying a prisoner as a current gang member pose substantial risks to his or her safety. (ECF No. 15 at 3.) *See Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (filing of false disciplinary charge and placing prisoner in administrative segregation constituted adverse action in First Amendment retaliation claim). That Defendant Oviedo "signed off" on the Threat Assessment supports an inference his approval was required for the Threat Assessment to occur and thus that he was involved in the adverse action. Additionally, Defendant Oviedo's actions support an inference that he communicated the Threat Assessment and STG Affiliation to Plaintiff to threaten him. Further, Defendant Oviedo's refusal to report Defendant Barroso for misconduct and his suggestion that Plaintiff "still might settle [his] case" intimates the adverse regulatory action and punishment of administrative segregation (identification as a "Sureno" gang member) would continue if Plaintiff persisted in exercising his First Amendment rights. (ECF No. 15 at 3:15-20.) Accordingly, the motion to dismiss this claim will be denied.

    B.    <u>Bane Act Claim</u>

    Defendants also move to dismiss the Bane Act claim against all Defendants. The Bane Act claim elements include:

> (1) the official "intentionally interfered or attempted to interfere with the plaintiff's civil rights by threats, intimidation, or coercion. This includes making threats of violence, acting violently, or both, against the plaintiff or their property; (2) the plaintiff was harmed; and (3) the defendant's conduct was a substantial factor in causing the plaintiff's harm."

Judicial Council of California Civil Jury Instructions (2023) No. 3066.

    Defendants assert Plaintiff did not allege a sufficient "nexus" between Defendants Barroso's conduct and a violation of Plaintiff's civil rights because "the only evidence" that the Threat Assessment was false "is Plaintiff's disagreement with it." (ECF No. 14 at 5:18-19.) But, no evidence is required at this stage in the proceedings to support Plaintiff's claim that Defendant Barroso violated his rights by fabricating the Threat Assessment. The Court must accept as true

4

1  Plaintiff's allegation Defendant Barroso fabricated the Threat Assessment.  Together with the
2  alleged timing of the Threat Assessment's production - on the day Plaintiff had a favorable ruling
3  in his pending case - the allegation that Defendant Barroso fabricated the Threat Assessment
4  supports a reasonable inference Defendant Barroso's conduct "interfered" with the exercise of
5  Plaintiff's constitutional right to file a lawsuit and pursue administrative grievances.  Judicial
6  Council of California Civil Jury Instructions (2023) No. 3066; *see also Rhodes v Robinson*, 408
7  F.3d 559, 567-68 (9th Cir. 2005).

8        The motion also contests Plaintiff's allegation that Defendant Oviedo failed to report
9  misconduct by noting Plaintiff did not provide "any evidence for the Threat Assessment being
10  false" other than "Plaintiff's disagreement with it."  (ECF No. 14 at 5:18-19.)  This argument, as
11  described above, fails to apply the proper standard of review on motion to dismiss.  Additionally,
12  Plaintiff alleges Defendant Oviedo knowingly endorsed documents falsely identifying him as a
13  "Sureno" gang member.  (ECF No. 1 at 10.)  The Bane Act requires a Defendant to act with
14  "specific intent to violate the plaintiff's constitutional rights."  *Reese v. Cnty. of Sacramento*, 888
15  F.3d 1030, 1042-43 (9th Cir. 2018).  Taking Plaintiff's allegations as true, Defendant Oviedo's
16  informed endorsement of false filings supports a reasonable inference he acted with specific intent
17  to interfere, through implicit threat and intimidation, with Plaintiff's constitutional right to file a
18  grievance.

19        Lastly, the motion argues no allegations connect Defendant Martinez's destructive cell
20  search to an interference with a legal right through threat, intimidation, or coercion.  (ECF No. 14
21  at 5.)  The Court must accept as true Defendant Martinez "poured coffee or dark liquid (possibly
22  urine) on [Plaintiff's] legal papers" including Plaintiff's "Staff Complaint and pending lawsuit
23  (*Bess v Peffley)*."  (ECF No. 1 at 10).  These allegations reasonably support an inference that
24  Defendant Martinez interfered with Plaintiff's constitutional right to file a lawsuit by "acting
25  violently . . . against . . . Plaintiff['s] . . . property."  Judicial Council of California Civil Jury
26  Instructions (2023) No. 3066.  A further reasonable inference could be drawn that Defendant
27  Martinez's conduct amounted to a threat of further violent destruction of Plaintiff's property if he
28  continued to pursue the lawsuit.

5

For these reasons, the complaint states a claim capable of judicial determination against all Defendants under the Bane Act. Defendants' motion to dismiss this claim will be denied.

## CONCLUSION

For the reasons explained above,

1. Defendants' motion to dismiss is DENIED.

2. No later **April 16, 2025**, Defendants shall file a motion for summary judgment. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **May 16, 2025**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendant shall file a reply brief no later than **14** days after the opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order resolves docket number 14.

**IT IS SO ORDERED.**

Dated: February 4, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.